(Decided 23d June, 1887.)

---

The Trustees of the Eutaw Place Baptist Church, of Baltimore City *vs.* Elizabeth Shively and others.

*Will—Construction of—Certainty—Bequest for a Sunday School.*

A testator bequeathed a sum of money to a Church, " the income, interest, or proceeds thereof, to be applied to the Sunday School belonging to or attached to said Church."    The Church was a corporate body, but the Sunday School was not.  Held:

That as the Sunday School was shown to be an integral part of the Church organization, and therefore embraced within the scope of the corporate functions and work of the Church, the bequest was sufficiently definite and certain, and capable of being enforced.

Appeal from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*James Pollard*, for the appellant.

*Samuel D. Schmucker*, for the appellees.

ALVEY, C. J., delivered the opinion of the Court.

George Gelbach, Jr., died in 1880; and by his will, duly admitted to probate, among other bequests, he bequeathed as follows:

"I give and bequeath to the Eutaw Place Baptist Church, of Baltimore City, the sum of one thousand dollars, the income, interest, or proceeds thereof, to be applied to the Sunday School belonging to or attached to said church; and I declare that the receipts of the treasurer of said church or corporation, shall be a sufficient discharge to my executors for said legacy."

The testator was a member of the church, and had, by his attention and contributions, manifested great interest in the Sunday School, organized, fostered and maintained by the Church, as a means of religious education of the young.

The corporate title of the church is "The Trustees of the Eutaw Place Baptist Church of Baltimore City;" but there is no question raised as to the want of accuracy in the designation of the corporate body in the bequest. The identity of the legatee is unquestioned. The Legislature of the State, by Act of 1882, ch. 87, gave its sanction to the bequest, as required by the Constitution.

If the bequest had simply been to the church, without reference to the Sunday School, there could have been no question of its validity; and the church could have applied the fund to any purpose and to promote any object within the sphere of its corporate powers and functions, as a religious body. But it is contended that the

Eutaw Place Baptist Church *vs.* Shively, *et al.*

Sunday School is an unincorporated body, independent of the church, and therefore without legal entity; and that the bequest to the church is in *trust* for this undefined and uncertain body of individuals, that fluctuates from time to time, without legal succession; and consequently the bequest is void, because of this uncertainty, and want of legal identification of the objects to be benefited by the bequest. In this contention, however, we do not concur.

It is certainly true, as contended by the appellees, that, according to the law as settled in this State, a bequest to trustees for the benefit of a vague and indefinite object is equally as invalid as an immediate bequest to such object; as in neither case could the right to the enjoyment of the fund be established and enforced by any particular individual or individuals claiming to be within the contemplation of the bounty. But is this bequest one of that description? We think not.

The Sunday School, as such, is not an incorporated body, it is true; but it is shown to be an integral part of the church organization, and therefore embraced within the scope of the corporate functions and work of the church. The church is not organized simply to maintain a pulpit that its members and others may receive instruction from that source alone. Other means of religious instruction are as common, and are as much within the province of church regulation and direction, as the pulpit itself. Prominent among these are the Bible Class and the Sunday School. Not that Bible classes and Sunday Schools may not be formed and maintained independently of any church control; but we all know that they are ordinary means adopted in church organizations for the promotion of religious instruction. And that being so, why may not the incorporated church receive aid from the benevolent dispenser of charities for the support of a Sunday School or a Bible class, as well as for the support of the minister who teaches from the pulpit? Neither Bible class nor

Sunday School can be successfully maintained without pecuniary outlay. Books, fuel and lights, are among the necessary things to be supplied; and if the necessary expenses be not otherwise provided, they must be raised by contributions from the congregation. It is shown that this particular Sunday School has been maintained at considerable annual expense to the church.

Mr. Hiram Woods, an active member of the congregation, was examined as a witness. He says that the Sunday School was organized simultaneously with the formation of the church. That it is an integral part of the church organization; that it is an organization in the church and part of it; and that it has no organization separate from the church. He says, moreover, that the work of the Sunday School is considered the most important branch of the church work; that it comprehends the religious instruction of both children and adults. Mr. Joshua Levering, a member of the church, one of its trustees, and superintendent of the Sunday School, states substantially the same facts. It is thus shown that the relation of this Sunday School to the church is that of entire dependence upon the church organization and its supervision, for support and control.

This Court has held, in the case of *England vs. The Vestry of P. G. Parish*, 53 *Md.*, 467, that a bequest of a sum of money to the Vestry of a particular church, to be invested, and the annual interest thereof to be devoted to the support of the rector or minister for the time being, was valid. And in the recent case of *Crisp vs. Crisp*, 65 *Md.*, 422, where the testator gave a sum of money to be expended in the erection of a branch church, such branch church when erected to be conveyed to a certain designated church organization, as the parent church, previously incorporated and in being, and of which the testator was a member, it was held by this Court that such bequest was valid and effectual. And as the bequests in

those cases were regarded as sufficiently definite and certain, and capable of being enforced, we can perceive no reason why the bequest in this case is not equally so.

Nor is there anything in the case of *The Church Extension, &c. vs. Smith*, 56 *Md.*, 362, at all in conflict with the view taken of the bequest in this case. In that case the bequests that were declared void for the want of certainty and definiteness in the objects to be benefited, were quite different in their nature and characteristics from the bequest involved in this case. There, one of the bequests was to "the trustees of the Strawbridge Methodist Episcopal Church, for the benefit of the Ladies' Mite Society of said church, situate," &c. The Ladies' Mite Society was a voluntary unincorporated association, and the bequest to its use was held to be invalid, because of the difficulty and uncertainty in determining for whose benefit the gift was intended. And so, in the same case, in regard to the sum bequeathed to the "Church Extension of the Methodist Episcopal Church, incorporated by the State of Pennsylvania, to be used as part of the 'Perpetual Loan Fund' of said society, and to bear the name of the 'Durham Loan Fund.'" The objects to be benefited by the fund thus created were, according to the agreed statement of facts, "the *necessitous* churches of the Methodist Episcopal Church, erected from time to time within the limits of the United States, and its territories," &c., as the committee in charge of the fund might in their *discretion* select. That bequest was held void for want of certainty in respect to the objects of the charity, and those who could have standing in Court to insist upon the execution of the trust. Such manifestly is not the case here.

That portion of the decree of the 28th of March, 1887, that declares the bequest to the Eutaw Place Baptist Church of Baltimore City void, will be reversed, with costs, and the cause be remanded.

*Decree reversed, and cause remanded.*

(Decided 23rd June, 1887.)