# CIRCUIT COURT OF BALTIMORE CITY

Filed July 28, 1891.

SAFE DEPOSIT & TRUST CO., ADMINISTRATOR, ETC.,

VS.

THE CONVENTION OF THE PROTESTANT EPISCOPAL CHURCH, ETC.

*Fisher, Bruce & Fisher* for plaintiff.

*J. S. Goldsmith, Morrison, Munnikhuysen & Bond, Findlay & Mackenzie* and others for defendants.

DENNIS, J.—

### OPINION.

This bill is filed by the admistrator c. t. a. of the will and the several codicils thereto of the late Susannah Warfield, to obtain a construction of its many confused and perplexing provisions. After the best consideration I have been able to give to it, and having had the benefit of very full and able argument by the solicitors of the respective parties, I have reached the following conclusions in regard to the questions which have been raised, and will state them in the order in which they are formulated in the bill.

1. It was the intention of the testatrix, as shown by the first item of her will, taken in connection with the first item of the third codicil, that "Groveland Farm," excepting fifty acres, should be sold, and the proceeds should go to the convention of the Protestant Episcopal Church of the Diocese of Maryland, in trust, for "Warfield College;" that the fifty acres reserved should vest in the said convention as a site for said college; that the fifty acres reserved should be that portion

of the farm upon which the dwelling house and outbuildings stand, and these fifty acres must be set apart by this Court, through a trustee appointed for that purpose, the testatrix having failed to do so. This trust, and also the gift of $5000 to the same convention under the second item of her will, are valid and capable of being enforced; but under the 38 art. of the Declaration of Rights require the sanction of the Legislature to be obtained within a reasonable time. The time already elapsed without such sanction having been applied for, under the circumstances, furnishes us ground for the application of the doctrine of *laches*.

Barnum vs. Barnum, 62 Md. 293; Crisp vs. Crisp, 65 Md. 442; Eutaw Place Baptist, &c., 67 Md. 493; England vs. Vestry, 53 Md. 466; Church Extension, &c., vs. Smith, 56 Md. 395.

2. It was the intention of the testatrix that her sister, Mrs. Wade, should receive absolutely a net income of $1,200 per annum for life; and a sufficient amount of securities will be set aside by the administrator, under the direction of the Court to yield that net amount.

3. The bill raises a question as to the validity of a bequest of $250, directed to be deposited in bank by her executors, the interest to be used "for the relief in sickness or old age of such of any old family servants as my executors may think most in need of such relief." The Court understood, at the argument, that all parties in interest raised an objection to this bequest; but if the objection is insisted upon, I must hold the bequest void, because of indefiniteness.

4. The *whole* of the same, to wit, $5,372.72, standing to the credit of the testatrix at the time of her death in the Savings Bank of Baltimore, was intended to be a part of the endowment of "Warfield College."

5. The language used in the second item of the third codicil with reference to the completion of the Rectory Academy is wholly vague and indefinite, and creates no valid trust.

6. The bequest of $5,000, contained in the sixth item of the third codicil, to George W. Holmes and Holmes Thomas, her executors, was a bequest to them in their individual, and not in their executrical, capacity.

7. The bequest of $6,000 in the tenth item of the will, to the Vestry of the Parish of the Holy Trinity, is valid, although it must obtain the sanction of the Legislature, under the thirty-eighth article, Bill of Rights. The administrator must invest that amount in the name of the vestry, and then hand over the securities to the vestry, whose duty it will be to apply the income in the manner indicated by the terms of the bequest.

8. The bequest of $7,000 to the same corporation, contained in the sixth item of the third codicil, is void, for vagueness and uncertainty. The language is, "The remaining $7,000 I leave to the discretion of my executors, to be devoted to the benefit of the Parish of the Holy Trinity." This is a gift to the executors, to be devoted, in *their discretion*, for the benefit of the parish. No discretion is given as to whether the income or the principal is to be used; nor does it impose any absolute obligation upon the executors to spend either; it is left wholly to their discretion whether they will devote any portion of it, or not, for the purposes of the corporation. Such a bequest is void.

Dashiell vs. Attorney-General, 5 H. & J. 392; Church Extension Society vs. Smith, 56 Md. pp. 397 and 398.

This sum therefore goes to the residuary legatees.

9. The langauge used in her fourth codicil in regard to the Savanah, Florida and Western Railroad bonds, does not amount to a bequest of the interest in said bonds for the support of the minister of the parish; but I think the testatrix meant that they were to be a part of the fund already provided for in the tenth item of her will for the support of the said minister, and they must be set apart for that purpose.

10. The above conclusions cover all the points as to which the aid of the Court is invoked by the bill, and I will sign a decree accordingly.