DOMESTIC & FOREIGN MISSIONARY SOC. OF PROTESTANT EPISCOPAL CHURCH IN UNITED STATES OF AMERICA v. GAITHER et al.

(Circuit Court, D. Maryland. June 18, 1894.)

1. EQUITY—JURISDICTION—BILL TO RECOVER LEGACY.
   A bill by a legatee against an executor, to recover a legacy claimed by him to be void under the state law, is within the equitable jurisdiction of the federal courts.

2. WILLS—CONSTRUCTION—CERTAINTY AS TO BENEFICIARY.
   A bequest of a certain sum to an incorporated missionary society whose whole mission work is divided into two branches, domestic and foreign, is not rendered void for uncertainty of beneficiary or purposes by the addition of a direction to apply it to domestic missions, as such legacy is not

to be considered as held upon any trust, but to be expended by the corporation in its regular domestic mission work, as distinguished from its foreign mission work.

This was a suit against executors to recover a legacy bequeathed thereby to complainant.

Campbell W. Pinkney, for plaintiff.

Wm. S. Bryan, Jr., Edward N. Rich, and George R. Gaither, Jr., for defendants.

MORRIS, District Judge.    This is a bill in equity filed by the Domestic & Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, a corporation of the state of New York, against the executors of the will of Hannah B. Gaither, late of Baltimore (who are citizens of Maryland), to recover a legacy of $5,000 bequeathed by said will to the said corporation.

On behalf of the defendants it has been suggested that a federal court of equity, being prohibited from taking jurisdiction of a case where there is a plain, adequate, and complete remedy at law, cannot take jurisdiction of this case.    A bill by a legatee against an executor to recover a legacy, because of the inadequacy in most cases of the remedy at law, is firmly established as one of the cases proper for equitable relief, and the jurisdiction of courts of equity in such cases is constantly maintained, and the right to sue at law is denied, by decisions in both state and federal courts.    1 Story, Eq. Jur. § 591; 3 Pom. Eq. Jur. § 1127; Mayer v. Foulkrod, 4 Wash. C. C. 349, Fed. Cas. No. 9,341; Pratt v. Northam, 5 Mason, 95, Fed. Cas. No. 11,376; Coates v. Mackie, 43 Md. 127.    There may be an adequate remedy at law when the executor has promised to pay the legacy, but that is not this case.

The objection of the executors to the payment of this legacy is that it is void under the rule of law in Maryland, as established by its highest court with regard to bequests for the benefit of beneficiaries who are uncertain and indefinite.    If this contention can be maintained, it is not to be questioned that the law of Maryland, if so established, is the law which must be administered by this court. Meade v. Beale, Taney, 339, Fed. Cas. No. 9,371.    The bequest is as follows:

"I give and bequeath to the Domestic & Foreign Missionary Society of the Protestant Episcopal Church in the United States of America, and their successors and assigns, the sum of $5,000. and I request and desire that the said sum of $5.000 be applied to domestic missions."

It is conceded that the corporation intended by the testatrix, and designated in her will by its proper corporate title, is the corporation now suing, and that it was incorporated by a legislative act of the state of New York passed May 13, 1846.    It was constituted a body corporate "for the purpose of conducting general missionary operations in all lands," with power to take gifts and bequests for the objects above stated, or any purpose connected with such objects, and with power to the general convention of the Protestant Episcopal Church in the United States to make rules

and regulations, and amend the constitution of the corporation as it might deem proper to promote the purposes for which it was incorporated.

The contention of the defendant is, first, that by the words appended to the gift, viz. "I request and desire that the said sum of $5,000 be applied to domestic missions," the testatrix must be held to have meant domestic missions generally, just as if she had given the bequest to an individual, with the request that it be applied to domestic missions. If this were the fair interpretation of the words, the bequest would have to be held a trust so indefinite as not to be enforceable, and therefore void in Maryland. But I do not take this to be the fair meaning of the words used by the testatrix. The legatee was a corporation which, as its corporate name indicates and as its charter provides, has for its immediate object two purposes,—one domestic, the other foreign, missions. The proof establishes that it has for many years carried on missionary work extensively in both these fields. It is conceded that if the bequest had been simply to the corporation by its corporate name, without request as to the application of the gift, it would have been valid; and it seems to me that the reasonable meaning of the words "to be applied to domestic missions" is not that the gift is to be applied to domestic missions generally, but to the domestic missions operated by that corporation, or, in effect, to its domestic missions as distinguished from its foreign missions.

It is, however, earnestly contended on behalf of the defendants that even if the wording of the bequest may be read as if the testatrix had said, "I request and desire that said sum be applied to said corporation's domestic missions," still the legacy must be held void under the Maryland decisions, as being a bequest to the corporation to be held by it for a designated purpose, which purpose is so indefinite and uncertain that there is no cestui que trust who could enforce it. The case principally relied upon to support this contention is Church Extension v. Smith, 56 Md. 362. In that case, a clause of the will was as follows:

"To the Church Extension of the Methodist Episcopal Church, incorporated by the legislature of Pennsylvania, the sum of $10,000, to be used as part of the perpetual loan fund of said society, and to bear the name of the 'Durham Loan Fund.' "

By its charter it was provided:

"That the said corporation shall be also competent to act as trustee in respect to any devise or bequest pertaining to the objects of said corporation, and devises and bequests of real or personal property may be made directly to said corporation or in trust for any of the purposes comprehended in the general purposes of said society; and such trusts may continue for such time as may be necessary to accomplish the purposes for which they may be created."

By the agreed statement of facts it appeared:

"That by a rule adopted by the corporation before the making of the testatrix's will, and which was still in force, any one donating $5,000 or more to the loan fund may designate the name by which said contribution shall be known. The said loan fund is set apart to be loaned to necessitous churches of the Methodist Episcopal Church erected from time to time within the

limits of the United States and its territories, and the beneficiaries and recipients thereof are such of said churches as the committee in charge of said fund, for the time being, may in their discretion select."

It was contended by counsel opposing the validity of this bequest that:

"When the testatrix, therefore, gave this bequest, it is manifest she did not intend it to be used for the general purposes of the corporation, but that it should forever be kept apart and used for a class, as well defined as any indefinite class can be; and to emphasize this trust she earmarked it by the name of the 'Durham Loan Fund.'"

This was the conclusion arrived at by the court of appeals of Maryland. On page 397 the court, speaking by Chief Justice Bartol, said:

"It thus appears that the legacy is not given to the corporation for its own use. It cannot, according to the terms of the will, be used for its general purposes; but the testatrix, by directing that it shall be held as a part of the loan fund, has constituted the corporation a trustee, charged with the duty of employing the fund only for the benefit of necessitous Methodist churches in the United States. These are the real beneficiaries for whose use the legacy is given. It seems to us very clear that such a trust is so indefinite that it could not be enforced. According to the uniform course of decisions in this state, a trust cannot be upheld unless it be of such a nature that the cestuis que trustent are defined, and capable of enforcing its execution by proceedings in a court of chancery."

It appears, therefore, that the decision of the court of appeals was controlled by the fact, found by the court, that the testatrix had constituted the corporation a trustee, and had charged it with the duty of employing the fund for the use and benefit of necessitous Methodist churches, and that this was not one of the general purposes of the corporation, but was a trust so indefinite that it could not be enforced. That the court would not have held the gift void if the fund had been given for one of the general purposes of the corporation is made apparent by the subsequent decision of the same court in the case of Baptist Church v. Shively, 67 Md. 493, 10 Atl. 244. In this latter case the bequest was as follows:

"I give and bequeath to the Eutaw Place Baptist Church of Baltimore City the sum of $1,000; the income, interest, and proceeds thereof to be applied to the Sunday school belonging to or attached to said church."

As to this bequest, the court, speaking by Chief Justice Alvey, said:

"If the bequest had simply been to the church, without reference to the Sunday school, there could have been no question of its validity, and the church could have applied the fund to any purpose, and to promote any object within the sphere of its corporate powers and functions as a religious body. But it is contended that the Sunday school is an unincorporated body, independent of the church, and, therefore, without legal entity, and the bequest to the church is in trust for this undefined and uncertain body of individuals that fluctuates from time to time without legal succession, and consequently the bequest is void because of this uncertainty and want of legal identification of the objects to be benefited by the bequest. In this contention we do not concur. * * * The Sunday school, as such, is not an incorporated body it is true; but it is shown to be an integral part of the church organization, and therefore embraced within the scope of the corporate functions and work of the church."

Also, in Halsey v. Convention, 75 Md. 275, 23 Atl. 781, it was held by the court of appeals with regard to the convention of the Protestant Episcopal Church of the Diocese of Maryland, a body corporate having power to take and hold property for church or parish schools, that a devise to it for the purpose of founding a church school for boys was valid.

In the case in hand it is shown by proof that the whole work for which the complainant corporation was organized, and which it in fact carries on, is mission work, divided into two branches,—domestic and foreign. It carries on its work through the agencies which, in accordance with its constitution, it has established; and when money is given to it, with the request or direction that it be used for domestic missions, it is used in support of that department, and money given for foreign missions is used in support of that department, and the money given without any request is divided equally between the two. It would seem, therefore, that money given to the corporation as this legacy was is not to be held by it upon any trust, but is to be expended by it in the missionary work which it carries on within the United States. It carries on its missions and missionary works through the instrumentality of boards, committees, treasurers, bishops, clergymen, and agents; being a corporation, it can only act through its officers and agents, but the work is its own immediate and special work. This is not a case in which there is a trust or trustee or cestui que trust. It is a direct expenditure by a corporation for the very object for which it was created. It is therefore not within the ruling of the court of appeals of Maryland in the case of Church Extension v. Smith, 56 Md. 362, and is even stronger in its facts than the case of Baptist Church v. Shively, 67 Md. 493, 10 Atl. 244, in which that court sustained the validity of the bequest as being for one of the corporate uses of the donee. In the Case of Look (Sup.) 7 N. Y. Supp. 298, it was held that a bequest to the American Bible Society "to be used for the promulgation of the "Holy Bible," was a gift limited to the very use for which the donee was incorporated, and not a trust for an indefinite beneficiary, and was valid. Wetmore v. Parker, 52 N. Y. 458.

Decree in favor of complainant for $5,000, and costs, with interest from date of the decree.