## CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed March 21, 1900.

---

GEORGE B. BAKER, ET AL.,

VS.

JANE B. CONVERSE, ET AL.

---

*Geo. Whitelock* and *Geo. R. Gaither, Jr.,* for plaintiffs.

*Rich & Bryan, Edward I. Koontz, A. Morris Tyson, E. J. D. Cross, John Phelps, H. C. Bevans, Cowen, Cross & Bond, Richard M. Venable, Harry M. Benzinger* and *Wm. A. Fisher* for defendants.

STOCKBRIDGE, J.—

By her will, Melissa Baker, after sundry bequests to relatives, made or endeavored to give numerous religious and charitable legacies. The present proceeding, instituted by the executors, is for the purpose of having a determination of the validity, vel non, of certain of these legacies. The issues involved in no way raise any question of testamentary capacity, but only the legal propositions incident to the proper construction of the will, and in respect to certain of them whether the attempted disposition of the testatrix is in conflict with established legal principles.

It is not necessary in such a case to rehearse the cardinal principles of construction applicable to all wills, though many of them are necessarily involved in the solution of one or another of the questions presented. Every one recognizes and admits that the plain, manifest intent of a testator is to be followed and given effect in every instance where it does not contravene some established legal doctrine, and that this intent is to be gathered not from a casual expression here and there, but from the instrument, taken in its entirety. At the same time, in connection with all bequests of a religious or charitable nature it is to be borne in mind, that, unlike many of the States in this country the Statute of 43 Elizabeth is not in force here, nor have we any similar statute, and whenever the attempt has been made to have Courts of Chancery exercise such powers as a part of their ordinary jurisdiction, it has been uniformly denied and repudiated; and even adjudicated cases which at first sight might seem to have in a measure recognized and enforced the doctrine, will not bear out this claim when closely scrutinized.

The case has been presented with great ability upon both sides, and with a voluminous citation of authorities, but for the determination of the issues involved it does not seem necessary to go outside of our own State, for reason that each point has, with more or less exactness, been passed upon by our own Court of Appeals, and for the further reasons that the decisions of courts in States where the Statute of 43 Elizabeth, or a kindred statute is in force, can have but little weight in this State, where the law is so radically different.

By the eighteenth item of the will Miss Baker gave the sum of $800 to the Women's College located at the City of Lynchburg for the education of one or more worthy girls, and by the ninth item of the second codicil she gave the sum of $4,200 to the trustees of Randolph-Macon College to be applied to aid deserving and promising young women, especially such as expect to enter upon mission work, to attend the Randolph-Macon Women's College at Lynchburg. These two legacies are claimed by one, and by but one corporation. That there has been a misnomer of the intended legatee in this case is claimed, and upon the part of the heirs at law it is insisted that such misnomer invalidates the legacy, and further, that the effect of the devise is to create a trust, in which the beneficiary or beneficiaries are so uncertain and indefinite that the bequest is void.

As to the misnomer, it is sufficient to say that it clearly appears from the proof what the intended legatee was. In any such case the same is simply descriptive of the legatee, it is not the legatee, and all that is requisite is that

the person or corporation intended be made apparent, which has been done in this case.

Vansant vs. Roberts, 3 Md. 128.

Reilly vs. Union Prot. Infirmary, 87 Md. 664.

As to the other objection, the answer is equally apparent. Of course, if the legacy in question is absolute, uninvolved with any trust, it is unobjectionable, but even if it be construed as creating a species of trust, it is none the less effectual. The trustee is a corporation, and therefore capable of taking; the purpose declared in the will is the furtherance in part of one of the specific purposes for which the corporation was chartered, and the trust is one, if trust it be, clearly enforcible in a court of chancery. It presents a vastly different case from either Provost vs. Abercrombie, 46 Md. 146, or Rizer vs. Perry, 58 Md. 115. In the former of these the Magistrates and Town Council of Dumfries, to whom the bequest was made, had ceased all connections with the schools of the town before the death of the testator, and the legacy was held void, not because it was for the purpose of education, but because the immediate legatees, who had been deprived of all connection with the schools of the town by Act of Parliament, were by reason of such severance of their duties no longer in a position to be held accountable for the discharge of the trust imposed on them. In the latter case the trustees of the Mary Hoye School, named by Mrs. Hoye in her will as trustees were unincorporated. There was therefore no trustee capable of taking, and with no trustee to take, the mere expression "for education" was manifestly too vague for administration by a Court of Chancery. In the present case the trustee is one capable of taking, the objects of the trust, a part of the purposes for which the intended legatee was chartered, and the trust is therefore one enforcible in Chancery, and valid.

II. Item 10 of the second codicil is divisible into four parts:

(a.) The bequest of $2,000 income to be used for the support of the pastor of Trinity M. E. Church South.

(b.) A bequest of $600 income to be paid to the Trinity Auxiliary of the Women's Foreign Missionary Society to be remitted to the Treasurer of the Baltimore Conference of the Women's Foreign Missionary Society of the M. E. Church South.

(c.) A bequest of $500 income to be paid to the support of the superannuated preachers, their widows and orphans of the Baltimore Conference of the M. E. Church South, and

(d.) A bequest of $400 income to be given to the infant class of the Sunday School of the Trinity Church, to be by that class contributed for the support of a little girl in one of the schools under the care of the Women's Foreign Missionary Society of the M. E. Church South.

Each of these four undoubtedly constitutes a trust, in which the trustee is the corporation, Trinity M. E. Church South. The first providing that the income of $2,000 shall be applied to the support of the pastor of the church, is clearly valid under the decisions in England vs. The Vestry, 53 Md. 466, and Halsey vs. The Convention, 75 Md. 281, while the third, intended for the benefit of the superannuated preachers, their widows and orphans, is as clearly void under Smith vs. Church Extension Society, 56 Md. 396, and Yingling vs. Miller, 77 Md. 106.

The second and fourth are not at first sight as manifestly effectual or ineffectual as the other two; and the decisions in the Baptist Church vs. Shivley, 67 Md. 493, and Crisp vs. Crisp, 65 Md. 422, are relied upon to maintain their validity. Much ingenuity of argument was shown in an attempt to demonstrate that the beneficiaries in each of these bequests were "integral" parts of the Trinity Church. But the following condition must be apparent with respect to each of these; the immediate *cestui que* trust is an unincorporated arm of the work of Trinity Church, and if the bequest was for the benefit of the Trinity Auxiliary in the one case, and the infant class of the Sunday School in the other, there would be much force in the argument, but while each of these Societies is named as the *cestui que* trust neither has or derives the slightest beneficial enjoyment from the bequest, each is simply a portion of the conduit by which the intended benefaction is to reach the ultimate beneficiary. The connection between the trustee and the real beneficiary is broken, so that no power exists in the real beneficiary to exact from the trustee an account of its stewardship, and the real beneficiary

is in no sense either an integral part of the church or even an agency by which the work of that particular church is performed. I am, therefore, constrained to hold these two clauses void.

The 11th item of the second codicil, which gives to Trinity Church the sum of $2,000 to aid in the redemption of a ground rent, is not seriously attacked, and this bequest will be sustained.

III. The most difficult questions in this case are those presented in connection with the 13th item of the 2nd codicil, in which Miss Baker attempts to dispose of Friendsbury. The devise in this case is not to a corporation, but to three individuals who, upon the performance of certain conditions by 'The Women's Parsonage and Home Missionary Society of the M. E. Church South, are to convey the home place of Miss Baker to that corporation, for certain specific purposes and upon certain conditions. This devise is complicated with conditions both precedent and subsequent, conditions some of which it was frankly admitted would probably prove impracticable of performance, and, of course, in so far as they should do so, the intent of the testatrix would be frustrated.

The question here therefore is not so much, what was the intent of the testatrix, which intent it must be manifest is incapable of realization, but what is the effect to be given in law to this devise. The property which forms the subject of it is fee-simple, and yet that fee is no where disposed of, a condition is imposed yet unaccompanied by any words of reversion in the event of the violation of the conditions, and lastly a restriction manifestly void attempted to be placed upon its alienability.

In Reed vs. Stouffer, 56 Md. 236, there had been a grant upon a condition, and in that case it was distinctly held that a violation of the condition would result in a reversion of the property to the heirs of General Howard, the grantor. In this case, however, the fee is in Messrs. Baker, Smith and Prettyman, as trustees, and the only grant that they can make is one not of the fee, but the fee subject to the conditions imposed by the testatrix.

How, then, can a violation of the conditions be met? Not by a reversion of the land to the trustees, for the powers of the trustees will be exhausted when they shall have complied with the terms of the will and made the conveyance upon the stipulated conditions. The trust, then, is one to a definite trustee for a specific purpose and a clearly designated beneficiary, but where the terms of the enforcement of the trust are beyond the control of a Court of Chancery, and where the Court can neither reform maladministration nor direct a due administration the trust will fail to take effect.

Rizer vs. Perry, 58 Md. 117, and I must hold the 13th and 14th items of the second codicil void.

With respect to the residuary clause so called, by which Miss Baker left by the 19th item of her will $3,000, and by the 15th item of the 2nd codicil an indefinite further amount in trust to be distributed among the persons and charitable institutions in accordance with a memorandum to be hereafter prepared, though no such memorandum was in fact prepared, but in lieu certain verbal directions given to one of her executors, the trustee named in the 19th item of the will; it is sufficient to say that this is fully within the rules laid down in the case of Saylor vs. Plaine, 31 Md. 158, and that the only trust that can result from these portions of the will is one in favor of the heirs at law or next of kin, according as the property may be real or personal.

A decree will be signed in accordance with these views, costs to be paid out of the estate.