# CIRCUIT COURT OF BALTIMORE CITY.

Filed October 2, 1907.

GEORGE WARD, TRUSTEE,
VS.
GEORGE WARNER ET AL.

*Alexander Fairbanks, Jr.,* for George Ward.

*Thomas Mackenzie* for Warner and wife.

*Edgar G. Miller, Jr.,* and *Leigh Bonsal* for Edith W. Sears and husband.

*W. Calvin Chesnut* and *J. Morfit Mullen* for The Bishop Ingle Memorial Fund and The Domestic and Foreign Missionary Society.

ELLIOTT, J.—

The bill in this cause has been filed for the purpose of securing a construction by this court of the will of the late Annie C. Ward.

There appears to be no doubt or uncertainty incident to any of the provisions of said will except that growing out of the following section: "The residue of the rents devised to Edith Warner Sears after her death, be sold, and the proceeds thereof be devoted to the Bishop Ingle Memorial Fund in Hankow, China," and the claim is made that said provision is null and void and of no effect in law. The question which I am called upon to decide is, therefore, a narrow one, even if its solution be attended with some difficulty.

It appears from the allegations of the bill, as well as from the evidence offered, that the "Bishop Ingle Memorial Fund in Hankow, China," cannot be taken to accurately or definitely describe any actually existing corporation or association.

On the contrary, the "Bishop Ingle Memorial Fund" grows out of certain moneys passing through the hands of the "Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America," itself a regularly incorporated body created under the laws of the State of New York, which moneys, whether as appropriations, or as special gifts, are devoted and paid out by said Missionary Society in the creation and maintenance of a memorial to Bishop Ingle, at Boone College in Hankow, China.

But the Missionary Society above referred to is not mentioned in the will, and there is no direction to the executor or trustee to pay the proceeds of the sale, after her death, of the rents set apart for Edith Warner Sears, for life, to any named or described individual or corporation, and there might well be a hesitancy on the part of such executor or trustee to pay out such proceeds until authorized or directed to do so by a court of competent jurisdiction after all doubts and uncertainties had been resolved by such court.

At the same time there can be no doubt that the testatrix knew exactly the purposes for which any moneys going into the "Bishops Ingle Fund" would be expended, and it is just as clear that she knew that all monies constituting said fund would pass through the hands of the above named Missionary Society, and be expended by it.

If, therefore, the provision in the will of Annie C. Warner is to fail, it will fail notwithstanding a definitely entertained and expressed intention on the part of the testatrix which would be thereby defeated, and she herself rendered intestate as to that portion of her estate.

I have neither the disposition, nor do I find myself compelled by any controlling interpretation of the law, to contribute to the bringing about of any such result. It would needlessly extend this opinion were I to discuss the numerous decisions that have, or are supposed to have been rendered, bearing upon the subject under discussion.

None of them, so far as I have been able to discover, are exactly parallel with the present case, but the principles established are so far applicable as to control the decision herein.

Starting with the case of England vs. Vestry of Prince George's Parish, 53 Md., 67, and following with the cases of Crisp vs. Crisp, 65 Md., 422;

Eutaw Place Baptist Church vs. Shively, 67 Md., 496, and finally Doan et al. vs. Vestry of the Parish of the Ascension of Carroll County 103 Md., 663, our Court of Appeals has sustained bequests for religious purposes where there was a failure to properly name the intended legatee, but where there was no doubt as to the identity of the intended recipient. To the same effect is the case of Speer vs. Colbert, 200 U. S., 142.

And in the case of Erhard vs. Baltimore Monthly Meeting, 93 Md., 677-685, we have it clearly laid down that a bequest similar to the one which we are now discussing is not to be so construed as to create a trust for indefinite and unknown beneficiaries, and thereby incapable of enforcement.

It is to be noted that the bequest in the present will is of moneys arising as the proceeds of rents directed to be sold. It is therefore not a gift of real estate, but of personalty; not a donation to a domestic corporation but to one created by another State, and of moneys not to be used here, but in a foreign land.

There would seem, therefore, to be nothing either in the policy of our law, or in the decisions of our Court of Appeals, impelling this court to give such a construction to the will of Annie C. Ward, as to defeat her clear intention, and the suggestion that the quoted section be declared by this court null and void and of no effect in law can not be adopted. A decree will be passed in accordance with this opinion.