# CIRCUIT COURT OF BALTIMORE CITY.

Filed March 14, 1910.

WILLIAM H. HOFSTETTER, SR., ET AL., EXECUTORS,

VS.

GRAND LODGE OF MARYLAND, INDEPENDENT ORDER OF ODD FELLOWS ET AL.

*John S. Biddison* for plaintiff.

*James W. Chapman* for defendants (Grand Lodge and Subordinate Lodges).

*Edward L. Ward* for next of kin of (Frank Hofstetter and others).

STOCKBRIDGE, J.—

The bill in this case is for the construction of certain provisions in the will of Joseph Hofstetter, deceased. The clauses out of which the questions arise are:

"5. I give and bequeath to the Grand Lodge of Maryland, Independent Order of Odd Fellows of Maryland (Incorporated), six hundred dollars ($600) in trust for Garden Lodge No. 114, Sharon Encampment No. 28 and Naomi Rebekah Lodge No. 6 I. O. O. F. two hundred dollars ($200) each.

6. After the payment of all debts, collateral inheritance tax and legacies, I give, devise and bequeath all the rest and residue of my estate of every kind

whatsoever to the Grand Lodge of Maryland, Independent Order of Odd Fellows, (Incorporated), in trust for the Joint Standing Library Committee I. O. O. F."

The plaintiffs are the executors of Joseph Hofstetter and the defendants are the legatees named in the clauses quoted and the heirs-at-law and next of kin of the testator.

The first matter for consideration is the validity or invalidity of the residuary clause, since if that can be sustained the heirs and next of kin have no interest in the estate. The residuary legatee named in the will is an incorporated body, and if the devise and bequest had been to the Grand Lodge of Maryland Independent Order of Odd Fellows, and nothing more, no question could have arisen with regard to this legacy.

But the language of the will is: "In trust for the Joint Standing Library Committee I. O. O. F." This committee is admitted to be an unincorporated body, and therefore, if the residuary clause creates a trust, the case is presented of a trustee capable of taking a legacy with a cestui que trust incapable in law of enforcing the trust, and under repeated adjudications in this State such an intended legacy will fail.

Extension Society vs. Smith, 56 Md. 362.

Trinity Church vs. Baker, 91 Md. 539.

The court has been referred to adjudications in other States which seem to hold a contrary view, but the rule has been so firmly established in Maryland, by numerous decisions that it would serve no material purpose to discuss the doctrine laid down elsewhere.

Does the will in question create a trust, or is the legacy of such a nature that if a trust, it amounts to a mere naked trust, and as such becomes executed at once? The Grand Lodge of the Independent Order of Odd Fellows was incorporated by Chapter 36 of the Acts of 1832, and the objects of the corporation as set out in its charter were, "to enable the members of said order to exercise all things concerning the design of this corporation for the benevolent relief of the sick and distressed."

This is very vague and general language. If recourse is had to the constitution of the Grand Lodge, the purposes of the organization are declared to be

"to create a greater interest in the cause of benevolence and charity, and to secure the blessings of Friendship, Love and Truth to ourselves and our successors."

There is nothing in either of these declarations to indicate or suggest the establishment and maintenance of a library for the benefit of the members of the order.

An examination of the constitution and rules of order of the Grand Lodge shows provision made for two elective and ten appointive committees of the Grand Lodge, but no provision for or reference to any such committee as the Joint Standing Library Committee.

Examination of the rules and regulations of the Joint Standing Library Committee discloses the manner of its composition. It is made up of three delegates from the Grand Lodge and three from each contributing subordinate lodge and encampment, and this assembly of delegates selects its own officers, and, as appears by the agreed statement of facts, is governed by its own rules, and disburses its own moneys.

It is provided by its rules that the committee shall report annually to the Grand Lodge, but this is a regulation of the committee, not a requirement of the Grand Lodge. From the composition of the committee it necessarily results that the Grand Lodge by its delegates does not have a majority of and hence does not control the committee.

In this condition can the Joint Standing Library Committee be said to be such integral part of the Grand Lodge that it is merely the agency of the Grand Lodge for executing the objects and purposes of the corporation in conformity with the rule laid down in Church vs. Shively, 67 Md. 493, and Baltzell vs. Church Home, 110 Md. 244?

It does not seem so to me. It leads rather to the conclusion that a trust has been created, if the rule of law would permit it to become effectual. It is further urged on behalf of the residuary legatee that the trust is merely a dry trust, and therefore became executed at once in the cestui que trust.

The residuary clause imposes no active duty upon the trustee. The only thing for the trustee to do is to pay over the money. But the intended beneficiary of the testator in the residuary clause is an unincorporated body.

If the legacy had been directly to the committee, the devise and bequest would have been void. Extension Society vs. Smith, 56 Md. 362; Rizer vs. Perry, 58 Md. 112, and the interposition of a trustee with no duty to perform cannot render valid a disposition otherwise void.

The fifth clause of the will attempts to the Grand Lodge of Maryland, I. O. O. F., $600 in trust for Garden Lodge, No. 114, Charon Encampment, No. 28, and Naomi Rebekah Lodge, No. 6, I. O. O. F.

All three of these intended beneficiaries are unincorporated, subordinate lodges of the I. O. O. F., and what has been said in passing upon the residuary clause is conclusive of these' intended legacies as well.

A decree will accordingly be signed declaring void the fifth and sixth clauses of the will of Joseph Hofstetter, and directing that after the payment of the costs of this proceeding out of the estate in the hands of the executors, distribution be made of the real estate of the deceased between Frank and Edward Hofstetter, brothers of the whole blood of the testator, and of his personal estate among Frank, Edward, John and J. Frederick Hofstetter and Mary A. Justi, the brothers and sister of the whole and half blood of Joseph Hofstetter, deceased.