# JOHN D. WATSON vs. WILLIAM McHENRY

*Affidavit of Defense Insufficient Under Rule of Court—Judgment by Default in Action Against Endorser of Promissory Note—Estoppel of Endorser to Allege Original Lack of Consideration—Writ of Diminution.*

A rule of the trial Court provided that in all cases on the trial docket, *ex contractu* * * judgment will be entered upon the call * * unless there shall have been previously filed an affidavit of the defendant that he has a *bona fide* intention of making a defense, and does not resist the entry of judgment for the purpose of delay or to give priority to others. In an action by the holder of a promissory note against a prior endorser thereof, the defendant's pleas were verified by an affidavit stating that "the above pleas are true to the best of his knowledge and belief, and that the same are not filed for delay." *Held,* that this affidavit is not in compliance with the rule, and that the plaintiff is entitled to a judgment by default for want of an affidavit of defense as prescribed by said rule.

It will be presumed on appeal that a judgment by default was entered in conformity with the rules of the trial Court when they do not appear in the record.

In action by the holder of a promissory note against a prior endorser, a judgment by default, regularly entered, is conclusive of the fact that due notice of the dishonor of the note was given to the defendant, as of any other fact essential to the plaintiff's right to recover.

When the lack of consideration for a promissory note was relied upon as a defense in an action by the payee against the maker, and the judgment in the suit was against the payee, the same defense cannot be relied on by an endorser of the note in an action against him by the holder.

A writ of diminution will not be issued to correct the record by supplying copies of: (1) the affidavit and notice to plead filed with the declaration; and, (2) the docket entries to show that the demurrer was filed to the declaration in the Court where the suit was first instituted and was there overruled, before the removal of the case for trial to another court; because, as to the affidavit and notice to plead, these papers throw no light on the issues raised on the appeal, and as to the demurrer, the record shows that the declaration states a good cause of action on its face.

A writ of diminution will not be issued to correct an alleged error in a statement inserted in the bill of exceptions by the trial Judge unless he suggests to this Court a desire to make such correction.

*Decided January 7th, 1908.*

Appeal from the Circuit Court for Garrett County (R. R. HENDERSON, J.)

The cause was aagued before BOYD, C. J., PEARCE, SCHMUCKER and BURKE, JJ.

*Charles G. Watson,* for the appellant.

*Arch A. Young, Harry Brindle* and *Julius C. Renninger,* for the appellee, submitted the cause on their brief.

SCHMUCKER, J., delivered the opinion of the Court.

The appellee as the holder of an overdue negotiable promissory note sued the appellant as a prior endorser thereon in the Circuit Court for Allegany County on June 22nd, 1906. The declaration contained six common counts in *assumpsit* and one special count on the note—all in the usual form.

The case was removed to the Circuit Court for Garrett County, on the motion and suggestion of the defendant filed April 13th, 1907. The defendant on June 1st, 1907, filed his pleas in the Court in Garrett County setting up in defense of the action the general issue and also a failure to duly notify him of the failure to pay the note by its maker when it fell due. To these pleas was attached an affidavit by the defendant stating "that the above pleas are true to the best of his knowledge and belief and the same is not filed for delay." Judgment by default and then final judgment having been entered, in the manner hereinafter mentioned, and the Court below having refused the defendant's motion to strike out the judgment, he took this appeal.

The record contains a copy of Rule No. 3, of the Circuit Court for Garrett County, touching the entry of judgments by default, which is as follows: "In all cases on the trial docket, *ex contractu,* where the declaration shall have been filed before the rule day, judgments will be entered upon the call provided for in the last preceding section, unless there shall have pre-

viously been filed therein an affidavit of the defendant, or his attorney, that he has a *bona fide* intention of making a defense in such suit and does not resist the entry of judgment for the purpose of delay or to give priority to others."

There are five bills of exceptions in the record which present exceptions taken under the following circumstances:

When the case was called for trial the plaintiff moved for judgment by default in his favor for want of an affidavit of defense in accordance with the requirements of Rule No. 3. The Court granted the motion and entered the judgment by default and to this action the defendant took his first exception. The judgment by default was we think properly entered. The rule of Court appearing in the record requires the defendant to assert under oath three things first, a *bona fide* intention of defending the suit, secondly, the absence of any purpose to delay the entry of judgment or thirdly, to secure priority to others. The requirements of this rule were not gratified by the mere affidavit that the pleas were true to the best of the defendant's knowledge and were not filed for delay. The object of the rule is apparent and salutary and its terms were doubtless made strict and specific in order to prevent the defeat of its purpose through indirection or evasion. No other rule of the Circuit Court appears in the record and we must therefore presume that the Court in entering the judgment by default acted in conformity with such of its other rules, if any there were, as related to that subject. *Calwell* v. *Boyer*, 8 G. & J. 136; *Tyler* v. *Murray*, 57 Md. 418.

The defendant's second exception, which was taken to the Court's refusal of his motion to strike out the judgment by default against him, is disposed of by what we have already said.

The plaintiff having asked for the extension of the judgment by default and the defendant having agreed that the case be tried before the Court without a jury, the plaintiff offered in evidence the dishonored note on which the suit was brought with the notary's certificate of its protest. The certificate stated in substance that after the presentment of the note, at

the request of the Second Natl. Bank of Cumberland, and its dishonor the notary mailed a separate notice of the dishonor to the maker and each one of the endorsers, including the defendant, under cover to the Hagerstown Bank which was the last previous endorser. The defendant objected to this evidence unless the plaintiff proffered to show actual notice to the endorsers, but the Court admitted it upon proof of the signatures of the maker and endorsers of the note and upon further proof, as the record states, that the maker of the note had received the notice of its dishonor addressed to the defendant, who is his father, and had destroyed it. To this action of the Court the defendant took his third exception. There was no error in admitting the note and protest in evidence for the purpose of extending the judgment by default. Such a judgment, if regularly entered, is as conclusive as a final one of every fact necessary to uphold it, including the jurisdiction of the Court and the plaintiffs right to recover, although the amount of the recovery in some cases remains to be ascertained by a jury or by the Court if the defendant waives or fails to ask for a jury. *Heyward* v. *Sanner,* 86 Md. 21; *Davidson* v. *Meyers,* 24 Md. 554; *Knickerbocker Ice Co.* v. *Hoeske,* 32 Md. 326; *Loney* v. *Bailey,* 43 Md. 15. The defendant in the present case having been sued as an endorser of the note the judgment by default against him was as conclusive of the fact that due notice of the dishonor of the note had been given him as of any other fact essential to the plaintiff's right of recovery against him.

The fourth and fifth exceptions were successively taken to the Court's refusal to permit the defendant at the extension of the judgment to prove first a total and secondly a partial want of consideration for the note as between its original parties. It is stated in this connection in the record that the defendant admitted in answer to a question from the trial Judge that suit had been brought on the note by the payee against the maker and that this same defense had been set up in that suit and the plaintiff therein had obtained a verdict and judgment against the maker of the note and that no appeal

had been taken therefrom.    Even if the judgment by default in the present case had not been conclusive against any right in the defendant to show, at its extension, a total or partial want of consideration for the note as between its original parties, it is clear that upon the making of that admission by the defendant the learned Judge below committed no error in refusing to permit him to go into the question of the consideration for the note as between the original parties.

· On the day of the hearing of this appeal the appellant filed an application for a writ of diminution to correct the record by supplying copies of

(1) The affidavit and notices to plead filed with the declaration in order to show that the suit was brought under the Practice Act of Allegany County, and

(2) The docket entries to show that a demurrer was filed to the declaration in Allegany County and was overruled by the Court there before the removal of the case to Garrett County.

The writ is also asked for the further purpose of correcting the statements in the third and fourth bills of exceptions touching admissions made by the defendant, which statements the petition alleges were inserted iu the exceptions by the trial Judge before he signed them, and further alleges to be inaccurate.    Certified copies of the affidavit and notices to plead, and the docket entries showing the filing and overruling of the demurrer to the declaration are filed with the petition, but there is no admission or suggestion from the trial Judge of any mistake or inaccuracy in the insertions made by him in the record.

The writ of diminution will not be granted.    An inspection of the certified copy of the affidavit filed with the *nar* shows it to be the usual one, printed on the back of the *nar*, stating that the annexed promissory note is the cause of action and the precise sum due on it, and the notice to plead simply informs the defendant that he will be required to plead to the declaration within the time therein specified.    The presence of those papers in the record would throw no light upon the

issues raised by the appeal.    Nor is there any occasion to make the record show that a demurrer was filed to the declaration and overruled.    There was no error in overruling the demurrer as the declaration discloses a good cause of action on its face.    Of course no writ of dimunition will be granted for the correction of alleged errors or mistakes in statements inserted in bills of exception by the trial Judge, as to admissions or statements of the parties or their solicitors made in open Court in reply to questions put by him, unless he in some manner suggests to this Court a desire to make such correction.

The judgment appealed from will be affirmed.

*Judgment affirmed with costs.*