# JOHN S. GIBBS

*vs.*

# LOUISE N. DIDIER ET AL.

*Leases: liability of mortgagee and assignee after default;*
*assignment.  Ejectment: damages recoverable.*

A suit at law can not be maintained against the assignee of
a lease who has assigned over, for rent falling due after the
assignment to him and before the assignment by him; the rem-
edy of the lessor in such a case being in equity alone.     p. 492

The mortgagee of a term, after forfeiture, has the whole
estate therein, and is liable on the real covenants in the lease,
whether he becomes possessed of or occupies the premises in
fact or not.                            p. 492

The liability of an assignee of a term to the original lessor,
or to those claiming under him, grows out of the privity of
estate; and such liability continues only so long as such priv-
ity of estate exists.  So long as such privity exists, the assignee
is liable upon all covenants that run with the land, such as
covenants to pay rent and taxes; and for any breach of such
covenants the lessor may sue the assignee during the continu-
ance of such assignment.                       p. 492

An action at law can not be maintained against an assignee
of a term, after assignment over, for the breach of any cove-

nant running with the land during his holding; the remedy, in such a case, is in equity. p. 492

The mortgagee is regarded as assignee of the term, after default, in a mortgage which contains a condition allowing the mortgagor to remain in possession until default, and as such is liable for the future breach of any of the covenants in the lease that runs with the land, and this without the mortgagee taking possession. 492-493

The mortgagee of a term is not liable under the covenants running with the land for taxes that fall due before a default in the mortgage, when the mortgage contains a condition allowing the mortgagor to remain in possession until default. p. 493

In an ejectment brought by a landlord against a tenant, under the Code, section 73 of Article 75, the landlord may recover possession of the property, the taxes, ground rent and sewerage assessment which fell due, from the time the tenant became assignee of the term, until the date of the filing of the declaration in the ejectment suit, after which time any rent falling due may be considered in fixing the amount of damages. p. 498

In an ejectment between landlord and tenant, under the Code, section 73, Article 75, the service of a copy of the declaration is substituted for the niceties of demand of rent and entry, required at common law. p. 494

In such cases, if the landlord, by service of a declaration in ejectment, elects to determine the lease, he can not, though there has been no judgment in the ejectment suit, sue on covenants subsequently broken. p. 494

The action of ejectment between landlord and tenant does not extinguish the landlord's right to rent and taxes due prior to the time of the filing of the declaration. p. 494

In an action of ejectment between landlord and tenant, under the Code, section 73, Article 75, the form of the declaration is that set out in section 71. pp. 495, 496

In an action of ejectment between landlord and tenant, under

the Code, section 73, Article 75, under the plea of not guilty, the question to be tried is the right of possession and damages.

p. 496

In an ejectment suit between landlord and tenant, under the Code, section 73, Article 75, the landlord may recover possession, mesne profits and damages.                    p. 497

The decision of a court upon a claim in a former action is an effectual bar to a recovery in another suit upon the same cause of action as that of a jury, and the fact that the Court's decision was wrong does not give the injured party the right to bring another suit upon the same claim, for he might have appealed and had the error corrected.                    p. 499

The law is adverse to multiplying suits; and if a party has the choice between two actions upon the same demand, and he selects one, which is decided by a competent tribunal, either for or against him, as a general rule he will not be permitted to resort to the other.                    p. 499

*Quære:* Can a landlord or lessor institute an action of ejectment and recover the property without claiming, in that suit, rent or other profits he may be entitled to, and then afterwards sue to recover such rent and profit.                    p. 499

A landlord who brings an ejectment against a tenant to recover possession of the demised premises and rents and profits, and recovers possession but fails to recover rents and profits, can not bring another suit and recover such rents and profits.

p. 499

A., who owned the reversion in fee in a lot of ground in Baltimore City, with the right to collect a yearly rent of $500 issuing thereout, brought an ejectment suit under section 73 of Article 75 of the Code against B., the holder of a mortgage in default on the leasehold estate, and in the declaration claimed recovery of the land and $2,500 damages; the mortgage contained a clause allowing the mortgagor to remain in possession until default. After the ejectment suit, but before verdict, the mortgagee assigned her mortgage to C. At the trial A. offered evidence, which was admitted subject to exception, tending to

show that he had paid taxes and a sewer assessment on the demised property and the ground rent due, and offered a prayer instructing the jury that he was entitled to recover such sum; the prayer was rejected, and on the Court's instruction a verdict was rendered for possession of the property, one cent damages and costs, on which judgment was rendered; A. excepted to this action of the Court, but took no appeal. Thereafter, A. brought suit in equity against B., as assignee of the term, to recover the items of taxes, sewer charges and ground rent, which he had attempted to recover but did not recover in the ejectment suit; B. answered, setting up the defense of *res adjudicata,* claiming that the judgment in the ejectment suit for the property named in the declaration—one cent damages and costs—was conclusive, and the lower court so held, passed a decree dismissing the bill, and on appeal it was: *Held,*

1. That as assignee of the term, the appellee was liable for those items of taxes, ground rents and sewer charges.

p. 498

2. That they could have been recovered in the ejectment suit. p. 498

3. That if dissatisfied with the rulings in the ejectment suit, A. should have taken an appeal therefrom. p. 499

4. That not having done so, the above items of taxes, ground rent and sewer charges can not be recovered in the above named equity suit. p. 499

5. That under section 73 of Article 75, a landlord can recover in an ejectment suit upon all covenants running with the land, the breach of which occurred before assignment over, and before the filing of the declaration in the ejectment suit. pp. 495, 497

6. That while after the filing of the declaration in the ejectment suit, the rent reserved in the lease can not be recovered *qua* rent, yet in assessing damages it should be considered. p. 498

7. That in an ejectment suit between landlord and tenant, under the Code, Article 75, section 73, mesne profits and damages can be recovered. p. 498

8. The Court refused to discuss the question, whether a landlord can institute an action of ejectment and recover the property without claiming rent and other profits, which he may be entitled to, and thereafter sue to recover such rents and profits.　　　　　　　　　　　　　　　　p. 499

*Decided April 7th, 1915.*

Appeal from Circuit Court No. 2 of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, STOCKBRIDGE, and CONSTABLE, JJ.

*Rignal W. Baldwin* (with whom was *Richard M. Duvall* on the brief), for the appellant.

*Charles F. Stein* (with whom was *R. Contee Rose* on the brief), for the appellees.

BOYD, C. J., delivered the opinion of the Court.

On August 20th, 1909, Jacob Goldstein executed a lease to Jackson Q. Force for the term of 99 years of a lot of ground on Madison avenue, in the City of Baltimore, which contained the usual covenants and provisions in such leases, amongst others a covenant by the lessee for himself, his heirs, executors, administrators and assigns, to pay the rent reserved, taxes and assessments when legally demandable. The rent reserved was $500.00 per annum, payable in equal quarterly instalments on the first days of September, December, March and June. By *mesne* conveyances the reversion became vested in John S. Gibbs (the appellant) and the lease-

hold in Thomas McGreevy. On February 1st, 1910, McGreevy executed a mortgage to Louise N. Didier (the appellee), for $1,200.00. The mortgage being in default, proceedings were instituted to foreclose it, and R. Contee Rose was by a decree dated October 3, 1912, appointed trustee to sell the property. The trustee sold it on October 29th, 1912, to the appellee, but the sale was set aside on exceptions filed by her.

On October 17th, 1913, the appellant instituted an action of ejectment against Louise N. Didier, Evan W. Hood and Jackson Q. Force—the latter being the original lessee and Mr. Hood being the assignee of the lease, subject to the mortgage. On April 3rd, 1914, there was a verdict in favor of the plaintiff for the property and one cent damages and costs. The plaintiff filed a motion for a new trial, which was subsequently dismissed, and judgment was made absolute on May 22nd, 1914, against the appellee. On March 21st, 1914, the appellee conveyed to R. Victor Hedian all her interest in the mortgage, together with her interest and estate in the property.

The appellant filed a bill in equity against the appellee (Louise N. Didier) and R. Contee Rose, trustee, to compel them to pay the ground rent alleged to be due him and money expended by him for taxes and sewerage charges levied against the property. The lower Court sustained a demurrer filed by R. Contee Rose, and dismissed the bill as to him, and the case then proceeded against Louise N. Didier, resulting in a decree in her favor, from which this appeal was taken. In her answer she relied on the defense of *res adjudicata*, claiming that the judgment for the plaintiff for the property mentioned in the declaration and one cent damages in the ejectment case was conclusive. The decree recites that "The Court being of opinion that all the matters in issue in this cause were in issue, and were settled and determined in the action of ejectment between the same parties of which the

record was offered in evidence in this proceeding," etc.   That was the main question argued before us.

It may be helpful to us to recall some of the decisions of this Court in reference to the liability of the assignee of a lease on the covenants contained therein.   In *Hintze* v. *Thomas,* 7 Md. 346, it was held that "A suit *at law* can not be maintained against the assignee of a lessee *after* he has assigned over for rent falling due subsequent to the assignment to him, and before the assignment over, the remedy of the lessor in such case being in equity alone."   That was followed by *Mayhew* v. *Hardesty,* 8 Md. 479, where it was held that "The mortgagee of a term, *after forfeiture,* has the whole estate therein, and is liable on the *real covenants* in the lease whether he becomes possessed of or occupies the premises *in fact* or not."   In *Donelson* v. *Polk,* 64 Md. 501, it was said: "The principle of law is a familiar one, that the liability of an *assignee* of a term to the original lessor, or those claiming under him, grows out of the privity of estate, and that such liability continues only so long as such privity of estate exists.   So long as the privity of estate continues, the assignee is liable upon all covenants that *run with the land,* such as covenants for the payment of rent, and of taxes assessed upon the premises (*Lester* v. *Hardesty,* 29 Md. 50), and for any breach of such covenants the lessor may sue him during the continuance of the assignment."   JUDGE ALVEY, after reviewing some cases, and intimating that but for the decision in *Hintze* v. *Thomas* the Court might have held otherwise, held that such action *at law* could not be maintained after assignment for breaches of covenant committed by the assignee during the time of his holding, but the remedy was *in equity.*

Other cases might be cited to the same effect, but while the rule is well established that *after forfeiture* a mortgagee is regarded as the assignee of the term, and hence is liable on the real covenants, there is danger of great hardship being imposed on a mortgagee, and the right to hold one liable on

such covenants should be very thoroughly established before recovery is permitted—especially should this be so in a court of equity. No more striking illustration of the possible hardship of the rule need be given than this case. The appellant has by the ejectment proceedings not only deprived the appellee of the security she presumably supposed she had when she took the mortgage, but now seeks to hold her liable for about $2,000.00, which the mortgagor ought to have paid, merely because she held the mortgage on the leasehold interest, although she was not in actual possession of the property. That a party can have any standing in a court of equity to make such claim is suggestive of the desirability of having some legislation on the subject.

Before coming to the question of *res adjudicata* it will be well to pass on some of the items sought to be recovered. There is nothing to show a default in the mortgage until the taxes for 1910 were "legally payable" (to use the language of the mortgage), and therefore the appellee could not be held for the taxes for that year, as there must have been such default in the mortgage as vested the term in her before she could be liable. Without quoting them, we will only say that the terms of the mortgage were such as to leave the title to the leasehold in the mortgagor until default.

The appellant contends that the ejectment proceeding referred to was under section 73, and not under section 71, of Article 75 of the Code, and he argues that he therefore could not have recovered in that proceeding the taxes, rent and sewerage charge now sought to be recovered. If that be conceded, *ex gratia argumenti,* it would seem to be clear that the appellant can not recover the quarterly instalments of rent due December 1st, 1913, and March 1st, 1914.

The lease contained a provision that if the rent should be in arrear, in whole or in part, for sixty days, it should be lawful for said Jacob Goldstein, his heirs or assigns, to reenter upon the demised premises and hold the same until all the arrearrages of rent and expenses incurred by reason of

.such non-payment should be fully paid. "And provided further that if said rent shall be in arrear for six months, then the said Jacob Goldstein, his heirs or assigns, may re-enter upon the premises hereby demised and hold the same as if this lease had never been made." Section 73 of Article 75, which is in substance the same as section 2 of 4 Geo. 2, Ch. 28, which was in force in this State, provides that between landlord and tenant when there is one-half year's rent in .arrear and the landlord or lessor hath the right by law to re-enter for the non-payment thereof, "such landlord or lessor shall and may, without any formal demand or re-entry, .serve a copy of *a declaration in ejectment* for the recovery of the demised premises," etc. "The service of the declaration in ejectment is substituted for the niceties of demand of rent and entry required at common law," 2 Alex. Br. Stat. 958, or as stated in *Campbell* v. *Shipley,* 41 Md. 94, the statute "dispenses with a previous demand of rent and re-entry, and substitutes therefor service of a copy of the declaration in ejectment in all cases where the landlord or lessor has right by law to re-enter." It is also stated in 2 Alex. Br. Stat. 962, that "The landlord by service of a declaration in ejectment makes his election to determine the lease and can not, though there has been no judgment in the ejectment, sue for rent due or covenants subsequently broken. *Jones* v. *Carter,* 15 M. & W. 718." Understanding it to mean that he can not sue for rent subsequently due, that is, in our judgment, a correct statement of the law, and hence the rent falling due subsequent to the filing of the declaration can not be recovered, *qua* rent. As the record does not :satisfactorily show when the taxes for 1913 were due and payable, we can not say whether they could be recovered. We will only add on this branch of the case that under the decision in *Mackubin* v. *Whetcroft,* 4 H. & McH. 135, the right to rent and taxes due prior to the time of the filing of the declaration is not extinguished by an action of ejectment.

But as there are still some items in the appellants' claim ·which are not affected by what we have said, we must deter-

mine whether the ejectment suit was a bar to the recovery of the rent, taxes, etc., which might have been recovered in that suit. We can not agree with the appellant in the contention that that must necessarily depend upon whether the ejectment was brought under section 71 or section 73 of Article 75, but assuming that it was brought under section 73, we will first see whether the items sued for could have been then recovered, if they had been shown to be due.

Section 73 does not provide for what shall be included in the declaration, but it only says "such landlord or lessor shall and may, without any formal demand or re-entry, serve a copy of *a declaration in ejectment* for the recovery of the demised premises; or in case the same can not be legally served"—it then makes provision for that contingency. That section is under the sub-title of "Ejectment," in Article 75, and in order to ascertain what is necessary in a declaration in ejectment we must look to section 71, as that is the only one which directs what shall be included in such a declaration. It says: "The action of ejectment shall be commenced by filing a declaration in which the real claimant shall be named as plaintiff and the tenant in possession or the party claiming adversely to the plaintiff shall be defendant; it shall be sufficient to state in the declaration that the plaintiff was in possession of the land or premises described in the declaration, and that the defendant ejected him therefrom and retains possession thereof, and the amount of damages claimed by the plaintiff." It then provides for service of the process and for the defendant, or for any other person with leave of Court, appearing and filing the plea of not guilty, "which plea shall be held a confession of the possession and ejectment, and shall only put in issue the title to the premises and right of possession and the amount of damages claimed by the plaintiff." It further provides that "the plaintiff shall also recover as damages in this action the *mesne* profits and damages sustained by him and caused by the ejectment and detention of the premises up to the time of the determination of the case." The declaration filed in the ejectment case referred

to in these proceedings was in exact compliance with the
requirements of section 71, and in it the plaintiff claimed the
recovery of the land and $2,500.00 damages. Inasmuch
as section 73 makes no provision for any other kind of
declaration, it was proper to follow section 71 in that respect,
and it is difficult to understand why it should not be done.
Section 73 provides that in case of judgment against the
defendant, the lessee or his assignee, or other person claiming
or deriving under the said lease, in order to redeem the
property the rent and arrears shall be paid as therein pro-
vided, and that section concludes by saying that nothing
therein contained shall bar the right of any mortgagee of
such lease, or any part thereof, who shall not be in possession,
if such mortgagee "within six calendar months after such
judgment obtained and execution executed, pay all costs
*and damages* sustained by such lessor or person entitled to
the remainder or reversion as aforesaid, and perform all the
covenants and agreements which, on the part and behalf of
the first lessee are and ought to be performed." There is
nothing in that section to suggest that all damages which
the plaintiff has sustained can not be recovered in the eject-
ment suit. In 2 *Poe on Pl. & Pr.,* sec. 482, it is said, in
referring to ejectment under section 73, "The practice in
these cases, as authorized originally by the Statute of 4
George 2, Chapter 28, section 2, which is substantially re-en-
acted in our Code, does not differ from that in the ordinary
action of ejectment, so far as the declaration and plea are
concerned." That learned author then went on to show that
although there was no actual eviction of the landlord by the
tenant in such cases, yet the non-payment of rent according
to the covenant of the lease and the continued holding of the
tenant after its breach are, in contemplation of law, an
eviction which gives to the landlord a right of action without
a previous demand for the rent due, and justifies the aver-
ment that the tenant has ejected him. Then in section 485
of that volume, it is said, in speaking of the plea to be filed
in ejectment by the landlord against the tenant, "This is the

usual general issue plea of 'not guilty,' and its effect is precisely the same as in the ordinary action of ejectment—that is to say, it admits the possession by the plaintiff and his ejectment by the defendant, and puts in issue the title and right of possession to the premises *and the damages.* As, however, in this class of cases the defendant, as tenant, is estopped to deny his landlord's title, the question to be tried is simply the plaintiff's right of possession *and his damages."* In the absence of some provision in section 73, limiting the recovery to the possession of the property, we can see no reason why damages can not be recovered, as they can be in an ejectment brought under section 71. If one entitled to redeem within the six months provided for in the statute desires to take advantage of that right, it would often relieve the parties of controversies as to the amount necessary, by having a judgment for the damages. Indeed the provision for a mortgagee redeeming would not be the protection for him without such judgment, as it would be with it, as the amount would then be judicially determined—he is required to "pay all costs and damages sustained by such lessor or person entitled to the remainder or reversion as aforesaid."

The Act of 1872, Chapter 346, made a radical change in this State in ejectment proceedings. Prior to that only nominal damages were allowed in such cases, and if the plaintiff desired to recover *mesne* profits and substantial damages, another action was necessary. What is now section 73 of Article 75 was section 2 of the Act of 1872, Chapter 346, and inasmuch as the first section of that Act amended the law so as to authorize the recovery of *mesne* profits and damages in ejectment cases, there can be no reason why it should not be held to apply to section 73. The right to recover *mesne* profits and damages in a case brought under section 73 can not be denied on the ground that only nominal damages were recoverable under 4 George 2, Chapter 28, if that be conceded. The question here is whether when the Act of 1872 was passed it was intended to limit the right to recover *mesne* profits and substantial damages to ejectment

suits other than those between landlord and tenant, notwithstanding what we have pointed out as to the form of the declaration, etc. As we can see no valid reason for so limiting the statute, we hold that the provision as to damages is applicable to section 73 as well as to section 71, as stated by Mr. Poe. Of course, the damages that may be recovered under section 73 may differ from those that are recoverable under section 71 by reason of provisions in the lease or other reason.

It is proper to add that although we have said above that the plaintiff in an ejectment case of this kind can not recover rent falling due after the declaration is filed, because the plaintiff has made his election to determine the lease, yet if by the defendant's defense the plaintiff is delayed in recovering the property, there can be no reason why he should not recover damages for the detention of the premises up to the time of the determination of the case, in accordance with the provisions of section 71, and while rent becoming due after the declaration is filed can not be recovered *as rent,* it can in proper cases be considered in fixing the amount of damages.

Being of the opinion that the Court had the right to determine in the ejectment case the claims of the plaintiff for the taxes, ground rent and sewerage assessment, which are now sought to be recovered, and being satisfied from the record that they were attempted to be recovered in that case, it would seem clear that the appellant can not now recover them in this case. The plaintiff claimed $2,500.00 damages in his *narr.* in the ejectment case, evidence was admitted of the ground rent due, the taxes and the bill for sewerage connection paid by the plaintiff, and prayers were offered by him as to his right to recover all of these items. His second and third prayers, as printed in the record, conclude as to his right to recover the ground-rent, but as that was covered by the first prayer and the second refers to taxes and the third to the sewerage charges apparently there was an error, either in writing the conclusion of the prayers or in the

record, but the fourth refers to the ground-rent, the taxes and the sewerage charge. It is true that certain evidence admitted subject to exception was stricken out and the ·prayers of the plaintiff were refused, but if there was error in the Court's ruling it should have been corrected by appeal. In *Beall* v. *Pearre,* 12 Md. 550, it was said (quoting from syllabus) : "The decision of *a Court* upon a claim in a former action is as effectual a bar to a recovery in another suit, upon the same cause of action, as that of *a jury;* and the fact that the Court's decision was *wrong* does not give the injured party the right to bring another suit upon the same claim, for. he might have *appealed* and had the error corrected." See also *Thomas* v. *Malster,* 14 Md. 382; *State, use Bruner,* v. *Ramsburg,* 43 Md. 325.

"The law· is adverse to multiplying suits; and if a party has a choice between two actions upon the same demand, and he selects one, which is decided by a competent tribunal, either for or against him, as a general rule, he will not be permitted to resort to the other." *Walsh & McKaig* v. *C. & O. Canal Co.,* 59 Md. 423.

Without deeming it necessary to discuss the question whether a landlord or lessor can now institute an action of ejectment and recover the property, without claiming in that suit rent or other profits he may be entitled to, and then afterwards sue to recover such rent and profits, we have no hesitation in holding that he can not claim them in the ejectment suit, and, upon failure to recover them, afterwards sue for them as was done by this appellant. Without further discussing the subject, we will. affirm the decree dismissing the bill.

*Decree affirmed, the appellant to pay the costs.*